Judge Rowan
delivered the opinion of the court.
This was an action on the case instituted by Riley s-gainst Nugent, for the speaking of slanderous words; and upon the issue of not guilty, a trial was had, and a verdict returned for plaintiff, of $400 dollars in damages. Tire defendant prayed for, and the court granted, a new trial, upon the sole ground that the damages were excessive. A trial was had at a subsequent term, and a verdict returned for the defendant. The question to be decided by this court, and the only question presented for their decision, is the correctness of the opinion of the court below in awarding a new trial. The ascertainment of the damages in an action of slander, belongs so exclusively to the jury, and depends so emphatically upon their discretion, that the courts have uniformly disclaimed the power of controiing their verdict, unless the damages'returned thereon should be so flagrantly excessive, as to evince at once that their minds were distempered— that the verdict was the effusion of passion, and not the result of discretion. The action slander, as to the damages demanded therein, addresses itself, necessarily, to the discretion of the jury. Their opinion, as to the value or importance of good character, and their discretion as to the amount of damages, must also necessarily be decisive and final. The court can, and ought, only to interpose, when passion or corruption shall have usurped the province of opinion or discretion. The necessity for such interposition of the court, does not seem *432 ¿-Q [jave existed in the present case — no intemperance oft ^se P:ir* °'1' *^!e jurJ can? as we think? he justly inferred from the amount of the verdict. Its amount would either seem to indicate that the jury, in assessing it, were influenced by a due regard for the intrinsic excellency of good fame, and a rational abhorrence of defamation, rather than by impulses of phrenzy. The foregoing is believed to be the language of the books, and the doctrine of the law upon this class of subjects — reference to special cases is thought unnecessary. It is, therefore, considered by this court, that the court below erred in setting aside the verdict of the ;jury and awarding a new trial — whereupon, it is ordered, that the verdict returned upon the second trial of this case and the judgment of the court thereon, be reversed, set aside and held for nought — that the cause be remanded, with directions to the court below, to reinstate the first verdict, and to enter up judgment thereon for the plaintiff — and it is further ordered, that plaintiff recover his costs in prosecuting this writ of error.
Daviess for plaintiff in error.